

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00006-CR

---

JOSEPH CAMPANELLA                                                APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On December 19, 2013, Appellant Joseph Campanella filed a pro se notice of appeal from a judgment and sentence entered more than nine months before—on February 5, 2013—for possession with intent to deliver a controlled substance. *See* Tex. R. App. P. 26.2(a)(1). Further, Appellant's sentence was the result of a plea-bargain agreement in exchange for his guilty plea; therefore,

---

[1]*See* Tex. R. App. P. 47.4.

the trial court certified that Appellant did not have the right to appeal. *See* Tex. R. App. P. 25.2(a)(2). Believing we did not have jurisdiction over his appeal, we notified Appellant and his counsel on January 13, 2014, that we would dismiss the appeal unless he or any other party could show grounds for continuing it. *See* Tex. R. App. P. 25.2(d), 44.3. Appellant responded by filing a motion for leave to file an out-of-time appeal.

We do not have authority to grant an out-of-time appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (reasoning that if appeal is not timely perfected, court of appeals has no jurisdiction to address merits of appeal and can take no action other than dismissal). Appellant's notice of appeal, filed more than thirty days after his sentence was imposed, does not invoke our jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Thus, we deny Appellant's motion for an out-of-time appeal and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 20, 2014

2